IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| ANSEL CAPITAL INVESTMENT, LLC, | ) | CV-08-57-M-DWM |
| | ) | CV-08-93-M-DWM |
| Plaintiff, | ) | (consolidated) |
| | ) | |
| v. | ) | ORDER OF JUDICIAL SALE |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CURTIS SWANSON, RONALD | ) | |
| STEPHEN CAVENDAR AS | ) | |
| TRUSTEE OF THE 2004 SWANSON | ) | |
| CHILDREN'S TRUST, ANSEL | ) | |
| CAPITAL INVESTMENT, LLC, AS | ) | |
| SUCCESSOR IN INTEREST TO | ) | |
| PRIME ENTERPRISES, LLC, | ) | |
| RAVALLI COUNTY, WILLIAM | ) | |
| DELANEY DBA LEAVES-N-SNOW, | ) | |

1

BRIAN MARCHANT, MARY          )
MARCHANT,                     )
                              )
                  Defendants. )
_____ )

The subject property is located in Ravalli County at 688 Bass Lane,

Corvallis, Montana, and is legally described as follows:

> Lot 13 of Amended Subdivision Plat No. 309, Block 14 of Hamilton
> Heights situated in Ravalli County, Montana according to the official
> recorded plat thereof.

(Hereinafter "the Property.")

Accordingly, IT IS HEREBY ORDERED as follows:

1.  The United States Marshal for the District of Montana, his or her

representative, or an Internal Revenue Service Property Appraisal and Liquidation

Specialist ("PALS"), (hereinafter reference to the Marshal or PALS shall also

refer to his or her agents, officers, and representatives) is authorized and directed

under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Property.

The United States may choose either the United States Marshal or a PALS to carry

out the sale under this Order and shall make the arrangements for any sale as set

forth in this Order.

2.  The Marshal or PALS is authorized to have free access to the Property

and to take all actions necessary to preserve the Property, including, but not

limited to, retaining a locksmith or other person to change or install locks or other

security devices on any part of the Property, until the deed to the Property is

delivered to the ultimate purchaser.

    3.  The terms and conditions of the sale are as follows:

        a.  the sale of the Property shall be free and clear of the interests of:

the United States, Curtis Swanson, Ronald Cavendar as Truste of the 2004

Swanson Children's Fund, Ansel Capital Investment, LLC, as successor in interest

to Prime Enterprises, LLC, Ravalli County, William Delaney DBA Leaves-N-

Snow, Brian Marchant, and Mary Marchant;

        b.  the sale shall be subject to building lines, if established, all laws,

ordinances, and governmental regulations (including building and zoning

ordinances) affecting the Property, and easements and restrictions of record, if

any;

        c.  the sale shall be held at the courthouse of the county or city in

which the Property is located, on the Property's premises, or at any other place in

accordance with the provisions of 28 U.S.C. §§ 2001 and 2002;

        d.  the date and time for sale are to be announced by the United States

Marshal or the PALS;

        e.  notice of the sale shall be published once a week for at least four

consecutive weeks before the sale in at least one newspaper regularly issued and of

general circulation in Ravalli County, and, at the discretion of the Marshal or the

PALS, by any other notice deemed appropriate.  The notice shall contain a description

of the Property and shall contain the terms and conditions of sale in this order of sale;

     f.  The minimum bid will be set by the Internal Revenue Service.  If

the minimum bid is not met or exceeded, the Marshal or the PALS may, without

further permission of this Court, and under the terms and conditions in this order

of sale, hold a new public sale, if necessary, and reduce the minimum bid or sell to

the second highest bidder;

     g.  the successful bidder(s) shall be required to deposit at the time of

the same with the Marshal or the PALS a minimum of ten percent of the bid, with

the deposit to be made by certified or cashier's check payable to the United States

District Court for the District of Montana.  Before being permitted to bid at the

sale, bidders shall display to the Marshal or the PALS proof that they are able to

comply with this requirement.  No bids will be received from any person(s) who

have not presented proof that, if they are the successful bidders(s), they can make

the deposit required by this order of sale;

     h.  the balance of the purchase price for the Property is to be paid to

the United States Marshall or a PALS (whichever person is conducting the sale)

within 20 days after the date the bid is accepted, by a certified or cashier's check payable to the "U.S. District Court for the District of Montana."  If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the income tax liabilities of Curtis Swanson at issue herein.  The Property shall be again offered for sale under the terms and conditions of this order of sale.  The United States may bid as a credit against its judgment without tender of cash;

i.  the sale of the Property shall be subject to confirmation by this Court.  The Marshal or a PALS shall file a report of sale with the Court, together with a proposed order of confirmation of sale, within 30 days from the date of receipt of the balance of the purchase price;

j.  on confirmation of the sale, the Marshal or PALS shall execute and deliver a deed of judicial sale conveying the Property to the purchaser;

k.  on confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this action are discharged and extinguished;

l.  on confirmation of the sale, the recorder of deeds for Ravalli County, Montana, shall cause transfer of the Property to be reflected upon that

5

county's register of title; and

      m.  the sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

    4.  Until the Property is sold, Curtis Swanson shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the Property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Property.  He shall neither commit waste against the Property nor cause or permit anyone else to do so.  He shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so.  The defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

    5.  Until the Property is sold, Brian and Mary Marchant shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the Property) in its current condition.  They shall neither commit waste against the Property nor cause or

permit anyone else to do so.  They shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. The Marchants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

6.  All persons occupying the Property shall leave and vacate the Property permanently within 30 days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property).  If any person fails or refuses to leave and vacate the Property by the time specified in this Order, the United States Marshal's Office, alone, is authorized to take whatever action it deems appropriate to remove such person from the premises, whether or not the sale of such Property is being conducted by a PALS.  If any person fails or refuses to remove his or her personal property from the Property by the time specified herein, the personal property remaining on the Property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the

7

sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

The proceeds arising from sale are to be paid to the Clerk of this Court and applied as far as they shall be sufficient to the following items, in the order specified:

1.  To the United States Marshal or the PALS (whichever person conducted the sale as arranged by the United States) for the costs of the sale, including any expense of maintaining the Property prior to sale;

2.  To Brian and Mary Marchant for the assignment of the property tax lien on the Property;

3.  To the federal tax liabilities of Curtis Swanson for civil penalties for tax periods (quarters) ending March 31,1998 through March 31, 2001, plus all interest and penalties due and owing thereon;

4.  Any balance remaining after the above payments shall be held by the Clerk until further order of the Court.

Dated this 29th day of April, 2010.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT