IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ANSEL CAPITAL INVESTMENT, LLC, a Tennessee limited liability company,<br><br>        Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, through its agency, Internal Revenue Service,<br><br>        Defendant.<br>_____<br><br>UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>CURTIS SWANSON, RONALD STEPHEN CAVENDAR AS TRUSTEE OF THE 2004 SWANSON CHILDREN'S TRUST, ANSEL CAPITAL INVESTMENT, LLC, AS SUCCESSOR IN INTEREST TO PRIME | **FILED**<br>JUN 2 5 2010<br>PATRICK E. DUFFY, CLERK<br>By_____<br>DEPUTY CLERK, MISSOULA<br><br>CV 08-57-M-DWM<br>CV 08-93-M-DWM<br>(consolidated)<br><br>ORDER |

| | |
|---|---|
| ENTERPRISES, LLC, RAVALLI COUNTY, WILLIAM DELANEY DBA LEAVES-N-SNOW, | ) ) ) ) |
| Defendants. | ) ) ) |

## I. Introduction

Brian and Mary Marchant (the "Marchants") move to stay the Court's April 29, 2010 Order of Judicial Sale. They argue a supersedeas bond is not necessary to support the stay. For the reasons that follow, the Marchant's motion is denied.

## II. Background

The United States brought this action to reduce to judgment outstanding federal tax liabilities assessed against a Property[1] held by the Swanson Children's Trust. On October 2, 2008, the United States recorded a notice of lis pendens for the Property. On November 3, 2008, the Marchants purchased Ravalli County's property tax liens on the Property. On December 8, 2008, the Court ordered that the federal tax liens on the Property "shall be enforced and [the Property] sold pursuant to 28 U.S.C. § 2001." Order (dkt # 22). The Order did not define the relative priority of lien holders. Id.

---

[1] The property in question is located at 688 Bass Lane, Corvallis, Montana. Legal description is Lot 13 of Amended Subdivision Plat No. 309, Block 14 of Hamilton Heights Subdivision in Ravalli County, Montana. ("Property").

2

Since then, the Court has denied two Fed. R. Civ. P. 60(b) motions filed by the Marchants. (Dkt ##56, 68.) The Court has also established the priority of lien holders, finding the Marchants to be first in priority. (Dkt #56.) On April 29, 2010, the Court granted the United States' motion for order of judicial sale of the Property. (Dkt ##68, 69.)

The Marchants have appealed the Court's denial of their Rule 60(b) motions, as well as the Order of sale. Contemporaneous with the appeal, they filed this motion to stay the Order of Judicial Sale.

### III. Discussion

Fed. R. Civ. P. 62(d) provides:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

The supersedeas bond protects the appellee from any loss as a result of the stay. United States v. Cowan, 535 F. Supp. 2d 1135, 1148 (D. Haw. 2008). Because the stay benefits the appellant to the detriment of the appellee, a full supersedeas bond covering the costs of the appeal, interest, and damages for delay should be required in normal circumstances. Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979). "If a court

3

chooses to depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment, it should place the burden on the moving party to objectively demonstrate the reasons for such a departure. It is not the burden of the judgment creditor to initiate contrary proof." Id.

The Marchants present two arguments to carry their burden that a full supersedeas bond is not necessary here. First, they argue no monetary judgment was entered against them, and therefore the bond is not required. They offer no legal support for the relevance of this fact. The purpose of the bond is to secure the appellee's interests. The fact that judgment was not entered against the Marchants does alter the need for the bond to protect the United States' interests in having its judgment satisfied. Moreover, the Marchants acquired their interest in the property after the recording of lis pendens. As such, they knew, or should have known, that the property could be subject to foreclosure and sold to execute the judgment in this matter.

Next, the Marchants argue their interest in the Property plus the value of the Property itself will protect the United States' interests and potential losses as a result of the appeal. They note their interest in the Property is worth over $20,000.00. This amount, however, would not cover the accrual of interest for

4

Curtis Swanson's tax liability, and the costs of appeal and interest on the costs of appeal. At the same time, the Marchants have provided no assurances that the Property will not devalue during the appeal, or that they could cover any loss in value as a result of the stay. Simply put, the Marchants have failed to carry their burden that a full supersedeas bond is not necessary to protect the United States from any potential losses that could result from a stay.[2]

## IV. Conclusion

Based on the foregoing,

IT IS HEREBY ORDERED that the Marchant's Motion for Stay on Appeal (dkt #71) is DENIED.

Dated this 25th day of June, 2010.

Donald W. Molloy, District Judge
United States District Court

---

[2] The Marchants also contend a stay is necessary because sale of the Property could moot their appeal. They have failed, however, to identify a statute or case to support this conclusion.